**Order issued August 30, 2022**



**In The**

# Court of Appeals

**For The**

# First District of Texas

---

### NO. 01-21-00162-CV

---

**ONEIDA JONES, Appellant**

**V.**

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ERIC HUNSICKER, Appellees**

---

**On Appeal from 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-57201**

---

## MEMORANDUM ORDER
## OF REFERRAL TO MEDIATION

The Court determines that it is appropriate to refer this appeal for resolution

by mediation. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.021, 154.022(a),

154.023. Accordingly, the Court orders that this appeal be referred to mediation *See id.* § 154.022(a).

The parties shall choose a qualified mediator and agree on a reasonable fee for the mediator's services.[1] *See id.* §§ 154.052, 154.054(a).

The Court sets the following deadlines:

- No later than **15 days** from the date that this order is issued, the parties shall file with the Clerk of this Court a completed "Parties' Notification to Court of Mediator." This document can be downloaded from the forms page of the Court's website at http://www.txcourts.gov/1stcoa.

- No later than **60 days** from the date that this order is issued, the parties shall conduct the mediation.

- No later than **two days** from the conclusion of the mediation, the parties and the mediator shall advise the Clerk of this Court in writing whether the parties did or did not settle the underlying dispute.

All parties, or their representative with full settlement authority, shall attend the mediation with their counsel. The mediator shall encourage and assist the parties in reaching a settlement of their dispute but may not compel or coerce the parties to enter into a settlement agreement. *See id.* § 154.053(a). All

---

1 The Court does not recommend mediators. Mediation information is available from the Dispute Resolution Center of Harris County ((713) 755-8274 and https://drc.harriscountytx.gov/), the Fort Bend Dispute Resolution Center ((281) 342-5000), the Alternate Dispute Resolution Section of the State Bar of Texas (http://www.texasadr.org/), and other groups. The parties are not required to use a mediator recommended or listed by these groups.

communications relating to the mediation are confidential and not subject to disclosure, except as set forth by law. *See id.* § 154.073. The Clerk of this Court, however, will file this order, any objection to this order, and the completed "Parties' Notification to Court of Mediator" with the other documents filed in this appeal that are available for public inspection.

Unless expressly authorized by the disclosing party, the mediator may not disclose to either party information given in confidence by the other and shall at all times maintain confidentiality with respect to communications relating to the subject matter of the dispute. *See id.* § 154.053(b). Unless the parties agree otherwise, all matters, including the conduct and demeanor of the parties and their counsel during the settlement process, are confidential and may never be disclosed to anyone, including this Court. *See id.* § 154.053(c).

The Court will consider the agreed fee for the mediator's services to be reasonable and tax that fee as a cost of the appeal unless the parties agree to another method of payment. *See id.* § 154.054.

The appeal is **abated**, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the parties and mediator notify the Clerk of this Court whether the parties did or did not settle the underlying dispute. The court will also consider an appropriate

motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

It is so **ORDERED**.


Judge's signature: ___/s/ Peter Kelly_____

☐ Acting individually    ☒ Acting for the Court


Panel consists of Justices Kelly, Goodman, and Guerra.

Justice Goodman, dissenting from this order.